Rosa I. YOUNAN, Plaintiff—Appellant,

v.

Jo Anne B. BARNHART, Commissioner of Social Security Administration, Defendant—Appellee.

No. 03–56859.

D.C. No. CV–00–02723–JSL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 7, 2005.

Decided June 24, 2005.

---

Stephanie M. Simpson, Northridge, CA, for Plaintiff–Appellant.

Leo R. Montenegro, Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before LAY,* REINHARDT, and THOMAS, Circuit Judges.

### MEMORANDUM**

Rosa Younan appeals the district court's decision to deny her attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). We reverse. Because the parties are familiar with the history of this case, we will not recount it here.

Pursuant to the EAJA, "a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... including proceedings for judicial review of agency action, brought by or against the United States." 28 U.S.C. § 2412(d)(1)(A). The government concedes that Younan became the prevailing party when we reversed the district court's decision in *Younan v. Comm., Social Sec. Admin.*, 56 Fed.Appx. 792 (9th Cir.2003). *See Shalala v. Schaefer*, 509 U.S. 292, 300–01, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993) (holding that a claimant becomes a prevailing party upon procuring a sentence-four remand).

Thus, the only question before us is whether the government's position was substantially justified. In this case, it is now agreed that the ALJ should have developed the factual record to determine whether "Younan received or should have received any Title II benefits to offset all or part of the claimed overpayment of Title XVI benefits." *Younan*, 56 Fed. Appx. at 792. This issue could have been easily resolved by a full development of the record. Because the ALJ failed to develop the record adequately in the first instance, this error persisted through the administrative process and on federal review until reversed by this Court. The government concedes the merits, but argues that its litigating position that Younan had failed to present the issue adequately before the ALJ was substantially justified and Younan is therefore not entitled to a fee award. The government's litigating position failed to take into account that the ALJ's duty to develop the record is triggered by ambiguous or inadequate evidence in the record. *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001). As we determined in the prior appeal, the failure to develop the record made it impossible to determine whether Younan had received an overpayment. When the record was developed, as it should have been in the first instance, the controversy was easily resolved in Younan's favor. Given the ALJ's independent duty, the government's litigating position was not substantially justified.

We reverse the judgment of the district court and direct that Younan be awarded fees pursuant to the EAJA.

**REVERSED.**

---

* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.